IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY JO TRAFICANTE, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Civil Action No. 9-746 |
| HOMEQ SERVICING CORPORATION, | ) ) ) | |
| Defendant. | ) | |

AMBROSE, District Judge

## **MEMORANDUM ORDER OF COURT**

Plaintiff filed a Motion to Compel Production of Notes, Emails and Interoffice Communications Disclosed as being Withheld under a Claim of Privilege. (Docket No. 42). I ruled, in part, on said Motion on August 4, 2010. (Docket No. 48). Remaining for consideration is whether the redacted portions of a communication history document are covered by the attorney client privilege.

Privileged matters are not discoverable. F.R.Civ. P. 26. The party asserting the attorney client privilege has the burden of proving the privilege exists – in this case Defendant. *Matter of Bevill, Bresler & Schulman Asset Management Corp.,* 805 F.2d 120, 126 (3d Cir. 1986) (A party asserting a privilege bears the burden of proving the applicability of the privilege).

> The Court observes that the attorney-client privilege applies when the following elements are proven:
>
> > (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*Martin Marietta Materials, Inc. v. Bedford Reinforced Plastics, Inc.,* 227 F.R.D. 382, 389-90 (W.D. Pa. 2005).

The Third Circuit has not ruled on who bears the burden of proving a waiver of the attorney client privilege. The district courts are in discord on this issue. For example, some district courts hold that the party asserting waiver of the privilege has the burden of proving waiver occurred – in this case Plaintiff. *Bowman v. Am. Homecare Supply, LLC,* No. 07-3945, 2009 WL 1873667, *2 (E.D. Pa. June 25, 2009), citing Martin Marietta Materials, Inc.,* 227 F.R.D. 382, 389-90; *Rhoads Indus., Inc. v. Building Materials Corp. of America,* 254 F.R.D. 216, 223 (E.D. Pa. 2008). Other district courts hold that since one of the elements to establish that a communication is protected by the attorney-client privilege is non-waiver by the client, the party asserting the privilege has the burden to prove non-waiver – in this case Defendant. *Greene, Tweed of Delaware, Inc. v. DuPont Dow Elastomers, L.L.C.,* 202 F.R.D. 418, 423 (E.D.Pa. 2001), *citing Katz v. AT&T Corp.,* 191 F.R.D. 433, 437 n. 3 (E.D. Pa. 2000), *citing, Rhone-Poulenc Rorer v. Home Indem. Co.,* 32 F.3d 851, 862 (3d Cir.1994)); *Kraus Indus., Inc. v. Moore,* No. 06-542, 2009 WL 4296059, *4 (W.D. Pa. February 11, 2009). Regardless, based on the discussion below, if I were to place the burden on Plaintiff I find that Plaintiff satisfied her burden of proving waiver. Similarly, if I were to place the burden on Defendant, I find that Defendant failed to satisfy her burden of non waiver.

"In the corporate context, '[t]he 'privilege is waived if the communications are disclosed to employees who did not need access to them.' *SmithKline Beecham Corp. v. Apotex Corp.,* 232 F.R.D. 467, 476 (E.D.Pa.2005) (citing *Baxter Travenol Labs., Inc. v. Abbott Labs.,* No. 84 C 5103, 1987 WL 12919, at *5 (N.D.Ill. June 19, 1987)); *see also Andritz Sprout-Bauer, Inc. v. Beazer East, Inc.,* 174 F.R.D. 609, 633 (M.D.Pa.1997)("Only when the communications are relayed to those who do not need the information to carry out their work or make effective decisions one the part of the company is the privilege lost.")." *WebXchange Inc. v. Dell Inc.*,

264 F.R.D. 123, 126 (D.Del. 2010). Plaintiff asserts in this case that if the attorney client privilege applies to the redacted portions of the communication history document,[1] Defendant waived the privilege because the communication history document was shared with low level employees having no need for such information. (Docket No. 42). To satisfy her burden of demonstrating that a waiver occurred, Plaintiff provides a list of employees who had access to the entries in the communication history document. (Docket No. 42-4). At a minimum, some of the employees listed are low level employees that do not need to know the information. In fact, in response, Defendant admits, that "'low level' employees do enter notes into the communication history…." (Docket No. 47, ¶2). Defendant then concludes, however, that the "'low level' employees cannot access the entire history for a given loan." *Id.* While I gave Defendant a second chance to file evidence to support this conclusion,[2] Defendant has failed to provide any information to support such a conclusion, either by affidavit or otherwise. Based on the above, I am persuaded by Plaintiff that "low level" employees who have no need for said information have access to it via the communication history document.

As a result, I find that a waiver occurred. Thus, an unredacted communication history document must be produced to Plaintiff.

---

[1]For purposes of this discussion, I am assuming, *arguendo*, that the redacted portions of the communication history document relate to matters that sought legal opinion on law or legal services or assistance in some legal proceeding.

[2]I ordered Defendant to file evidence in support of said assertion by August 6, 2010. (Docket No. 48). Three days late, on August 9, 2010, Defendant provided this court with an unredacted version of the communication history, which I also requested. *Id.* Yet, Defendant failed to provide any evidence that the communication history document is not viewed by "low level" employees who have no need for the information.

THEREFORE, this 10th day of August, upon further consideration of Plaintiff's Motion to Compel (Docket No. 42), it is ordered that said Motion is granted and unredacted portions of the communication history document must be produced to Plaintiff by August 13, 2010.

BY THE COURT:

s/ Donetta W. Ambrose
 Donetta W. Ambrose
 United States District Judge